IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AXIUM PLASTICS, LLC,**

       **Plaintiff,**

                                    Case No. 2:19-cv-2386

vs.                         Chief Judge Edmund A. Sargus, Jr.

                                    Chief Magistrate Judge Elizabeth P. Deavers

**KEITH TEMPLIN,** *et al.***,**

       **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion for Leave to Serve Non-Party Document Subpoenas Prior to a Rule 26(f) Conference. (ECF No. 7.) For the reasons that follow, Defendants' Motion is **GRANTED**.

**I.**

This is an action brought under the Wiretap Act, 18 U.S.C. § 2510, *et seq.*; the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*; the Stored Communications Act, 18 U.S.C. § 2701, *et seq.*; and common law. (ECF No. 1.) Plaintiff Axium Plastics, LLC ("Axium"), a Delaware limited liability company with its principal place of business in New Albany, Ohio, hired Defendant Kevin West as its Director of Information Technology in or around early 2017 and hired Defendant Keith Templin as a Senior Systems & Network Engineer on or about June 12, 2017. (*Id*. at ¶¶ 2, 8, 10.) According to the Complaint, Defendants West and Templin were friends and, during the course of their employment, had administrator rights for Axium's Verizon Wireless accounts, access to Axium's confidential, proprietary, and trade secret

information, as well as access to the company's computer systems, email accounts, and other electronic data storage. (*Id*. at ¶¶ 9, 11, 12.)

Axium alleges that when Defendant West quit working for Axium in early 2019, his administrator rights were not cancelled due to a clerical error. (*Id*. at ¶ 13.) Sometime prior to May 14, 2019, Defendant Templin, without authorization, intentionally deleted all business files, data, and records from the laptop that he had been entrusted with while employed by Axium for use as an Axium employee. (*Id*. at ¶ 17.) On or around May 14, 2019, Axium terminated Defendant Templin's employment. (*Id*. at ¶ 14.) According to the Complaint, on the same day, Defendants acted in concert to "maliciously and improperly used the Axium administrator credentials that had been entrusted to Mr. West during his employment with Axium to instruct Verizon Wireless to shut off the business cell phones of twelve key Axium employees[.]" (*Id*. at ¶ 15.) Axium alleges that this abrupt cancellation of key employees' cell phones interfered with Axium's business, client relationships, and business opportunities. (*Id*. at ¶ 16.)

Axium therefore began investigating various systems to which Defendant Templin had access and learned that one of the Defendants or a yet-to-be-identified individual had set up an automatic forwarding mailbox rule in Axium's email system such that any emails from the Chief Executive Officer, Chief Operating Officer, or Owner of Axium to the Chief Financial Officer of Axium would be automatically and surreptitiously forwarded to an unknown and unauthorized external email address, mocotown123@gmail.com. (*Id*. at ¶ 18.) Axium alleges that this action apparently "functioned to secretly steal highly confidential trade secret and financial information from Axium for over a year insofar as it targeted the four highest ranking officers of Axium." (*Id*.) Axium further alleges that due to the likelihood that the forwarded information contained

sensitive and confidential financial data about the company, salary and compensation data of employees, wire transfers and account data, and other competitively-sensitive, confidential information regarding the company and its management, it has hired forensic technology experts to determine the extent of the injury and to mitigate any damages from these actions. (*Id*. at ¶ 19.) According to Axium, it has lost business data and files from Defendant Templin's laptop and the unauthorized cancellation of key employees' cell phone numbers has caused disruption to business, damaging Axium. (*Id*. at ¶ 20.)

On June 18, 2019, the Court granted Axium's motion for leave to conduct expedited discovery, permitting Axium to serve document subpoenas on Verizon and Google related to the cancelled cell phone accounts and the personal cell phone accounts of Defendants as well as the email account associated with the email address mocotown123@gmail.com. (ECF No. 4.) A preliminary pretrial conference is scheduled for August 14, 2019. (ECF No. 12.)

Now, Defendants have moved for leave to conduct expedited discovery, seeking leave to serve their own document subpoena directed to Verizon. (ECF No. 7.) Defendants explain that the proposed subpoena relates to the cancelled cellular telephone accounts and the personal cellular telephone accounts of Defendant Templin. (*Id*. at 1–2.) Defendants are concerned that without leave to serve this subpoena as soon as possible, the requested records may not be maintained in the ordinary course of business. (*Id*. at 2–3.) Defendants go on to explain that Axium's subpoena authorized by the Court does not capture all the documents necessary for them to establish their defense, including audio recording records from the phone call that Defendant Templin had with the Verizon representative, and records from the internal call between Verizon's store representative and the employee to whom they were speaking on customer support. (*Id*. at 3; *see also* ECF No. 7-1 (proposed subpoena directed to Verizon).)

3

Defendants believe that these recordings will show that neither Defendant represented himself as an Axium employee or sought to delete access to the employee accounts. (ECF No. 7 at 3.)

After the Court expedited briefing on Defendants' Motion (ECF No. 10), Axium advised the Court it does not oppose Defendants' request to serve a non-party document subpoena upon Verizon. (ECF No. 13.)

## II.

Federal Rule of Civil Procedure 26 prohibits discovery before the Rule 26(f) conference except under certain circumstances, including when a court orders such discovery. Fed. R. Civ. P. 26(d)(1). Thus, Rule 26(d) vests the district court with discretion to order expedited discovery. *See Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) (citing *Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Courts considering a motion for expedited discovery typically apply a good cause standard. *Lemkin*, 2009 WL 1542731, at *2; *see also* 8A Fed. Prac. & Proc. Civ. § 2046.1 (3d ed.) ("Although the rule [26] does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard."). The burden of demonstrating good cause rests with the party seeking the expedited discovery. *Lemkin*, 2009 WL 1542731, at *2 (citations omitted). A court in this circuit previously discussed the following considerations when determining whether good cause exists:

> "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records, LLC v. Does 1–15*, 2:07–cv–450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time. *Caston v. Hoaglin*, No. 2:08–cv–200, 2009 WL 1687927, at

4

*2 (S.D. Ohio June 12, 2009). The scope of the requested discovery is also relevant to a good cause determination. *Russell v. Lumpkin*, No. 2:10–cv–314, 2010 WL 1882139, at *2 (S.D. Ohio May 11, 2010). Ultimately, the Court retains broad discretion in establishing the timing and scope of discovery [(citing *Lemkin*, 2009 WL 1542731, at *2)].

*Luxottica Retail N. Am., Inc. v. Vision Serv. Plan,* No. 1:14–cv–581, 2014 WL 4626015, at *3 (S.D. Ohio Sept. 12, 2014) (S.D. Ohio Sept. 12, 2014) (acknowledging further that "there is little binding authority on the issue of expedited discovery in the Sixth Circuit, and district courts are split on the appropriate standard"); *see also Barrette Outdoor Living, Inc v. Does*, No. 1:16 CV 914, 2016 WL 1588672, at *2 (N.D. Ohio Apr. 20, 2016) ("Courts consider several factors in determining if good causes exists, including: (1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought.").

### III.

As set forth above, Defendants seek an order permitting it to issue a document subpoena directed to Verizon. Having considered the relevant standard and the representations of Plaintiff, the Court is persuaded that Defendants have established the necessary good cause to serve the proposed document subpoena on Verizon. Here, the Court agrees there exists a risk that Verizon may destroy the requested data and information in the ordinary court of business. The Court also notes that the proposed subpoena directed to Verizon is sufficiently narrowly tailored to obtain information relating to the cancelled cellular telephone accounts and the personal cellular telephone accounts of Defendant Templin so that Defendants may adequately prepare any appropriate defense(s). (ECF No. 7-1 (proposed subpoena directed to Verizon).) Moreover, Axium's subpoena previously permitted by the Court does not capture all of the information necessary for Defendants to establish their defense, including audio recording records from the

phone call that Defendant Templin had with the Verizon representative and records from the internal call between Verizon's store representative and the employee to whom they were speaking on customer support.  (*Id.*; ECF No. 7 at 3.)  For all these reasons, Defendants have established the good cause necessary for the issuance of the proposed subpoenas directed to Verizon prior to the Rule 26(f) conference.

**IV.**

Accordingly, Defendants' unopposed Motion for Leave to Serve Non-Party Document Subpoenas Prior to a Rule 26(f) Conference (ECF No. 7) is **GRANTED**.

**IT IS SO ORDERED.**


**DATED:  July 3, 2019**         */s/ Elizabeth A. Preston Deavers_____*
                                 **ELIZABETH A. PRESTON DEAVERS**
                                 **CHIEF UNITED STATES MAGISTRATE JUDGE**